IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAM S. PARK, | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | )   PLAINTIFF DEMANDS TRIAL |
| | )              BY JURY |
| Pulsarlube USA, Inc., | ) |
| | ) |
|       Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

Now comes Plaintiff, Nam S. Park, by and through her attorneys, Richard J. Gonzalez and Jaz Park of the Law Offices of Chicago-Kent College of Law, complaining of Defendant, Pulsarlube, and states as follows:

### Nature of Action, Jurisdiction and Venue

1. Plaintiff Nam S. Park seeks redress for sexual harassment and gender discrimination engaged in by Defendant in violation of her rights as secured under Title VII, 42 U.S.C. § 2000, *et seq.* (Count I); and for retaliation by Defendants in violation of her rights as secured under Title VII, 42 U.S.C. § 2000, *et seq.* (Count II). Plaintiff seeks injunctive relief and damages for her injuries.

2. Defendant's actions reflected a systematic policy and practice of discrimination and retaliation and constituted a continuing violation.

3. Jurisdiction of this Court is invoked pursuant to the provisions of 42 U.S.C. § 2000(e)-5 and 28 U.S.C. § 1331.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because Plaintiff and Defendant reside in this district and all events giving rise to Plaintiff's claims occurred within this district.

5. Plaintiff filed a timely charge of discrimination and retaliation against the Defendant with the Equal Employment Opportunity Commission on March 10, 2014. Plaintiff obtained a Right-to-Sue letter on or about March 13, 2014 (which is attached hereto as <u>Exhibit A</u>) and brings this action within the limitations period of 42 U.S.C. § 2000 (e) *et seq*.

### Parties

6. Plaintiff Nam Park is a citizen of Cook County, Illinois, and submits herself to the jurisdiction of this Court.

7. Defendant Pulsarlube USA, Inc. (hereinafter referred to as "Pulsarlube") upon information and belief, is and was at all relevant times an Illinois limited liability company doing business within the State of Illinois and an employer within the definition of 42 U.S.C. § 2000 (e) *et seq*.

8. At all relevant times hereto, Plaintiff was employed by Defendant Pulsarlube.

### COUNT I

### Unlawful Sexual Harassment Under Title VII

9. Plaintiff was employed by Defendant Pulsarlube from on or about November 28, 2011 through January 20, 2014, when she was unlawfully terminated.

10. On a continuing and ongoing basis from the beginning of her employment to the date of Defendant's termination of Plaintiff, Plaintiff was subjected to a hostile work environment, which included unwanted and unwelcome attention, and inappropriate suggestive sexual comments, which were also unwelcome and offensive, by another employee of Defendant

Pulsarlube, Bong Seok Kim, a/k/a Jangwon Kim, because of her gender and in retaliation for her complaints and protests of the hostile work environment.

11. On a continuing and ongoing basis from November 2011 through January 2014, Plaintiff was subjected to a hostile work environment, which included unwanted and unwelcome touching, pervasive suggestive sexual comments, and sexually inappropriate remarks, which were also unwelcome and offensive, by employee, Mr. Kim, because of her gender.

12. On or about January 20, 2014, Plaintiff was discharged from her employment with Defendant.

13. Ms. Park's coworker, Mr. Kim, directly engaged in and participated in the sexual harassment of Plaintiff, including but not limited to the following:

    a) Frequently making it known to Plaintiff that he wanted to engage in sexual activity with Plaintiff;

    b) Requesting her help with his iPad so he could show her nude photos of women on the screen;

    c) Placing work items, including grease pouches close to her workspace, as an excuse to be close to her proximity;

    d) Following her into the building at work in the mornings;

    e) Making inappropriate comments like "I like us being so close together," "Just the two of us in this wide space makes me all weird and stuff," while in the warehouse facilities, and, but not limited to;

    f) Repeatedly asking her to spend time with him for dinner or other activities during non-work hours;

14. The harassment and hostile work environment perpetuated by Mr. Kim was both severe and pervasive.

15. On or about October 30, 2013, Ms. Park contacted the managers of Defendant Pulsarlube to report the harassment and hostile work environment being created by Mr. Kim.

16. The aforementioned sexually hostile work environment continued unabated after Plaintiff's complaint to Defendant's managers and continued up until her subsequent termination.

17. Plaintiff made several complaints to her managers about Mr. Kim's sexually harassing conduct directed towards her.

18. Ms. Park made her first complaint to Ms. Miso Shin on or around October 30, 2013.

19. On or around November 6, 2013, Ms. Park made another complaint.

20. Because of the lack of response from the Defendant after she had made these two complaints, and the harassment by Mr. Kim persisted, Ms. Park went to the police in efforts to stop Mr. Kim's conduct on or around November 22, 2013.

21. Ms. Park made another complaint on or around the second week of December, 2013.

22. Defendant conducted an investigation with the assistance of its attorney Jane Park of Mirae Law, LLC.

23. Defendant conducted an investigation into her complaints but did not implement any other remedial measures and made no efforts to curb Mr. Kim's conduct against Ms. Park.

24. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they have the effect of

4

discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), *et seq.*

25. Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile work environment sexual harassment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile conditions.

26. In doing so, Defendant acted with malice and/or reckless indifference toward Plaintiff's federally protected rights.

## **Damages**

27. As a proximate result of the foregoing facts, Plaintiff has suffered loss of her job, lost wages, the value of lost benefits, incidental damages, and pain and suffering in the form of emotional distress, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

WHEREFORE, Plaintiff prays that this Court:

A. Enter an order finding that Defendant discriminated against Plaintiff on the basis of sex in violation of Title VII;

B. Award Plaintiff damages for lost wages and employment benefits that she would have received but for the discriminatory acts and practices of Defendant;

C. Award Plaintiff compensatory and punitive damages in an appropriate amount;

D. Award reasonable attorney's fees and costs incurred in this action;

  E.  Order Defendant to cease and desist from discriminating against its employees on the basis of sex;

  F.  Award such other relief that this Court deems is just and appropriate.

## COUNT II

### Unlawful Retaliation Under Title VII

28. Plaintiff repeats and realleges paragraphs 1-27 and incorporates by reference as though fully set out herein.

29. An investigation report into Ms. Parks' allegations of sexual harassment was issued by Mirae Law LLC, on or around January 16, 2014, which concluded that there was insufficient evidence to support allegations of harassment.

30. Soon after, on or around January 20, 2014, Plaintiff was provided with a copy of the report, and then subsequently terminated.

31. The January 20, 2014 termination of Plaintiff's employment occurred only four days after the completion of the investigation into Plaintiff's complaints of sexual harassment, and less than three months after her initial complaints.

32. Plaintiff was subjected to retaliatory treatment in retaliation for her complaints, including but not limited to being subjected to harassment and a hostile work environment, denied commissions that she was entitled to, treated differently in the terms and conditions of her employment, and subjected to unlawful termination.

33. By engaging in and condoning retaliatory conduct, Defendant discriminated against Plaintiff in violation of the anti-retaliation provisions of 42 U.S.C. § 2000e-3, as amended.

34. In so doing, Defendant acted with malice and/or reckless indifference toward Plaintiff's federally protected rights.

## **Damages**

35. As a proximate result of the foregoing facts, Plaintiff has suffered loss of her job, lost wages, the value of lost benefits, incidental damages, and pain and suffering in the form of emotional distress, anxiety, loss of appetite, insomnia, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and loss of status and self-esteem.

WHEREFORE, Plaintiff prays that this Court:

A. Enter an order finding that the Defendant unlawfully retaliated against Plaintiff, in violation of Title VII;

B. Award Plaintiff damages for lost wages and employment benefits that she would have received but for the retaliatory actions by Defendant;

C. Award Plaintiff compensatory and punitive damages in an appropriate amount;

D. Award reasonable attorney's fees and costs incurred in this action;

E. Order Defendant to cease and desist from unlawfully retaliating against its employees; and

F. Award such other relief as this Court deems just and appropriate.

**<u>PLAINTIFF DEMANDS TRIAL BY JURY.</u>**

        Respectfully submitted,

        NAM S. PARK

    By:_____
          Richard J. Gonzalez

RICHARD J. GONZALEZ
Attorney for Plaintiff
Chicago-Kent Law Offices
565 West Adams Street, Suite 600
Chicago, Illinois 60661
Tel.: (312) 906-5079
Fax: (312) 906-5299


JAZ PARK
Attorney for Plaintiff
Chicago-Kent Law Offices
565 West Adams Street, Suite 600
Chicago, Illinois 60661
Tel: (872) 588-0440
Fax: (312) 906-5299